MICHAEL B. LUBIC (SBN 122591)
RACHEL BERMAN (SBN 352237)
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001
Email: michael.lubic@klgates.com
rachel.berman@klgates.com

Attorneys for Creditor Hu-Hantwo LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>201 EL CAMINO REAL, LLC,<br><br>Debtor. | Case No. 3:23-bk-30465-DM<br><br>Chapter 7<br><br>**EX PARTE APPLICATION OF CREDITOR HU-HANTWO LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON FIRST AMERICAN TITLE COMPANY** |

Creditor Hu-Hantwo LLC ("HHT") hereby submits this Ex Parte Application Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1(a) for Entry of an Order Authorizing the Service of a Subpoena (the "Application") on First American Title Company ("First American").

Specifically, HHT requests that the Court enter an order (*see* Exhibit A (proposed order)) authorizing service of the subpoena in the form attached hereto as Exhibit B on First American as set forth below.

1

**EX PARTE APPLICATION OF CREDITOR HU-HANTWO LLC PURSUANT TO FRBP 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON FIRST AMERICAN TITLE COMPANY**

Case: 23-30465    Doc# 44    Filed: 05/23/24    Entered: 05/23/24 20:27:13    Page 1 of 19

# I.

# DISCUSSION

HHT is the largest creditor of 201 El Camino Real, LLC (the "Debtor"). HHT sold valuable real property to the Debtor (the "Transaction") and holds a Promissory Note made by the Debtor in the original principal amount of $7,200,000 as partial consideration for the Transaction. The real property transferred was located at 210 El Camino Real, Menlo Park, CA 94025 and 612 Cambridge Avenue, Menlo Park, CA 94025 (the "Property").

Concurrent with the closing of the Transaction, the Debtor refinanced the Property and received approximately $2,600,000 in cash (the "Refinancing"). A true and correct copy of the escrow closing statement for the Transaction showing the Refinancing and the disbursement to the Debtor of the $2.6 million is attached hereto as Exhibit C. HHT believes that some or all of the funds received in the Refinancing were not used for the benefit of the Debtor and were instead transferred without consideration to or for the benefit of the Debtor's principal, Nariman Seyed Teymourian, with actual intent to hinder, defraud, and delay creditors of the Debtor. HHT has been unable to determine what happened to the proceeds of the Refinancing.

HHT wishes to trace the $2,600,000 disbursed from escrow to investigate who received the funds and for what purpose. This information is needed to understand whether the estate may have viable claims against third parties, which claims appear to include avoidance of fraudulent transfers, conversion, fraud, and similar claims. Should such claims be viable, they may be pursued for the benefit of the estate and its creditors. The information HHT is requesting would not be burdensome to produce as it would not be voluminous and would merely require production of available documents and readily available information.

This request is permissible under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"). Rule 2004 permits any party in interest to take an examination of any entity with respect to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . ." and obtain documents. Fed. R. Bankr. P. 2004(b). "It is well established that the scope of a Rule 2004 examination is exceptionally broad." *In re N. Plaza, LLC*, 395 B.R. 113, 122 n.9 (S.D. Cal. 2008);

2

EX PARTE APPLICATION OF CREDITOR HU-HANTWO LLC PURSUANT TO FRBP 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON FIRST AMERICAN TITLE COMPANY

Case: 23-30465   Doc# 44   Filed: 05/23/24   Entered: 05/23/24 20:27:13   Page 2 of 19

*In re Verity Health Sys. of Cal.*, 2019 Bankr. LEXIS 2055 *35 (Bankr. C.D. Cal. May 24, 2019) ("Rule 2004 contains a mechanism for compelling the production of documents"); *see generally* George L. Blum, Bankruptcy Desk Guide § 10:28 (2020 Update) (stating that the Court may order Rule 2004 examinations if the information being sought is "relevant to the continued postconfirmation administration of the case.").

## TIME AND PLACE FOR PRODUCTION

The requested date of the document production is twenty-one (21) days from entry of an order granting the Application. HHT believes that this provides a reasonable time for production.

## NO PRIOR REQUEST FOR RELIEF

No previous application for the relief sought herein has been made to this Court.

## CONCLUSION

Accordingly, this Application is properly made on an ex parte basis under Local Rule 2004-1(a), and HHT respectfully requests this Court enter an order in substantially the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein, and such other and further relief as may be just.

Respectfully submitted,

MICHAEL B. LUBIC
RACHEL BERMAN
K&L GATES LLP

Dated: May 23, 2024         By: /s/ Michael B. Lubic
                                Michael B. Lubic
                            Attorneys for Creditor Hu-Hantwo LLC

3
EX PARTE APPLICATION OF CREDITOR HU-HANTWO LLC PURSUANT TO FRBP 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON FIRST AMERICAN TITLE COMPANY

Case: 23-30465    Doc# 44    Filed: 05/23/24    Entered: 05/23/24 20:27:13    Page 3 of 19

# EXHIBIT A

MICHAEL B. LUBIC (SBN 122591)
RACHEL BERMAN (SBN 352237)
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001
Email: michael.lubic@klgates.com
       rachel.berman@klgates.com

Attorneys for Creditor Hu-Hantwo LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>201 EL CAMINO REAL, LLC,<br><br>                            Debtor. | Case No. 3:23-bk-30465-DM<br><br>Chapter 7<br><br>**ORDER ON EX PARTE APPLICATION OF CREDITOR HU-HANTWO LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON FIRST AMERICAN TITLE COMPANY** |

1

**ORDER ON EX PARTE APPLICATION OF CREDITOR HU-HANTWO LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON FIRST AMERICAN TITLE COMPANY**

Case: 23-30465    Doc# 44    Filed: 05/23/24    Entered: 05/23/24 20:27:13    Page 5 of 19

**[PROPOSED] ORDER**

The Court having reviewed the Ex Parte Application of Petitioning Creditor Hu-Hantwo LLC Pursuant to Bankruptcy Rule 2004 for Entry of an Order Authorizing Service of a Subpoena on First American Title Company filed on May 23, 2024 (the "<u>Application</u>"), and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Application is granted; and
2. Creditor Hu-Hantwo LLC is authorized to serve the subpoena attached to the Application as Exhibit B, with a return date of 21 days from the date of this Order.

# # #

2
**ORDER ON EX PARTE APPLICATION OF CREDITOR HU-HANTWO LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON FIRST AMERICAN TITLE COMPANY**

Case: 23-30465    Doc# 44    Filed: 05/23/24    Entered: 05/23/24 20:27:13    Page 6 of 19

**EXHIBIT B**

# UNITED STATES BANKRUPTCY COURT

Northern District of California

In re 201 EL CAMINO REAL, LLC
    Debtor

Case No. 3:23-bk-30465-DM

*(Complete if issued in an adversary proceeding)*

Chapter 7

    Plaintiff
    v.

Adv. Proc. No. _____

    Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: First American Title Company, One Embarcadero Center, Suite 1150, San Francisco, CA 94111
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1 attached.

| PLACE | DATE AND TIME |
|---|---|
| K&L Gates LLP, Four Embarcadero Center, Suite 1200, San Francisco, CA 94111 | |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

    CLERK OF COURT

                OR

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Hu-Hantwo LLC, who issues or requests this subpoena, are:
Michael B. Lubic, K&L Gates LLP, 10100 Santa Monica Boulevard, 8th Floor, Los Angeles, CA 90076; Email: michael.lubic@klgates.com; Telephone: (310) 552-5000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):*
on *(date)*                .

☐ I served the subpoena by delivering a copy to the named person as follows:

                                      on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $                .

My fees are $            for travel and $            for services, for a total of $            .

      I declare under penalty of perjury that this information is true and correct.

Date:

                                                                               *Server's signature*

                                                                               *Printed name and title*

                                                                                  *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT 1

# EXHIBIT 1
## DEFINITIONS

1. The term "Accessible Format" refers to a generally accepted data format for the transmission of spreadsheet data, in which the recipient of the data can edit, copy and manipulate the data, such as "comma separated value" ("csv") format or as an unlocked .xls or "xlsx" file.

2. The terms "and" and "or" as used herein, shall, where the context permits, be construed to mean "and/or" as necessary to bring within the scope of the subpoena request.

3. The term "Communication(s)" or "Correspondence" means any transmission of information from one person or entity to another, including (without limitation) by personal meeting, conference, conversation, letter, telephone, radio, electronic mail, teleconference, or any other method of communication or by any medium.

4. The term "Debtor" or "Buyer" refers to 201 EL CAMINO REAL, LLC.

5. The term "Property" refers to that certain real property located at 210 El Camino Real, Menlo Park, CA 94025 and 612 Cambridge Avenue, Menlo Park, CA 94025.

6. The term "Refinancing" refers to the Buyer's refinance of the Property.

7. The term "Escrow File" refers to Escrow File No. 3809-6874957.

8. The term "Buyer's Final Settlement Statement" refers to the document attached hereto.

9. The terms "Document" and "Documents" mean any writing, computer file or computer data, or graphic matter of any kind, wherever located, and including all Communications, spreadsheets, data sheets, databases, tables, notices, compilations, Correspondence, or wire instructions.

10. The terms "You" and "Your" refer to the party responding to this Subpoena.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents showing the source of any and all funds deposited in escrow by or for the benefit of Buyer relating to the line item "Deposits in Escrow" on the Buyer's Final Settlement Statement.

1

**REQUEST FOR PRODUCTION NO. 2:**

All Documents related to the disbursement of funds paid out of escrow relating to the line item "Cash To Buyer" on the Buyer's Final Settlement Statement.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents showing the account or accounts receiving any or all of the funds paid out of escrow relating to the line item "Cash to Buyer" on the Buyer's Final Settlement Statement.

**REQUEST FOR PRODUCTION NO. 4**:

All Documents in the Escrow File or otherwise relating to the Refinancing including, without limitation, Correspondence, agreements, instructions, and applications.

2



# First American Title Company

One Embarcadero Center, Suite 1150 •San Francisco, CA 94111

Office Phone:(415)771-8168 Office Fax:

## Buyer's Final Settlement Statement

| **Property Address:** | 201 El Camino Real and, 612 Cambridge Avenue, Menlo Park, CA 94025 | **File No:** | 3809-6874957 |
| --- | --- | --- | --- |
| | | **Officer:** | Patty Franks/PF |
| | | **Settlement Date:** | 08/08/2022 |
| | | **Disbursement Date:** | 08/08/2022 |
| | | **Print Date:** | 08/08/2022, 2:08 PM |
| **Buyer:** | 201 El Camino Real LLC | | |
| **Address:** | 66 Barry Lane, Atherton, CA 94027-4023 | | |
| **Seller:** | Hu-Hantwo LLC | | |
| **Address:** | 86 Michaels Way, Atherton, CA 94027 | | |
| **Lender:** | Genesis Capital, LLC | | |
| **Address:** | 15303 Ventura Boulevard, Suite 700, Sherman Oaks, CA, 91403 | | |
| **Loan No.:** | G22069679 | | |

| Charge Description | Buyer Charge | Buyer Credit |
| --- | ---: | ---: |
| **Consideration:** | | |
| Total Consideration | 11,380,000.00 | |
| | | |
| **Deposits in Escrow:** | | |
| Receipt No. 509154185 on 07/22/2022 by 2700 Middlefield Road LLC FBO: 201 El Camino Real LLC | | 200,000.00 |
| | | |
| **Adjustments:** | | |
| Seller to credit Buyer | | 7,200,000.00 |
| | | |
| **Prorations:** | | |
| County Taxes - Lot 69  07/01/22 to 08/08/22  @$17,303.08/semi | | 3,556.74 |
| County Taxes - Lot 70  07/01/22 to 08/08/22  @$12,147.50/semi | | 2,496.99 |
| County Taxes - Lots 70 and 72  07/01/22 to 08/08/22  @$18,119.42/semi | | 3,724.55 |
| | | |
| **New Loan(s):** | | |
| Lender: Genesis Capital, LLC | | |
| Loan Amount  - Genesis Capital, LLC | | 7,397,000.00 |
| Prepaid Interest  08/05/22 to 09/01/22  @$1728.379000/day  to Genesis Capital, LLC | 46,666.23 | |
| Underwriting Fee  to Genesis Capital, LLC | 845.00 | |
| Administration Fee  to Genesis Capital, LLC | 100.00 | |
| Wire Fee  to Genesis Capital, LLC | 30.00 | |
| Interest Reserve  to Genesis Capital, LLC | 587,889.89 | |
| Origination Fee  to BluePoint Commercial Mortgage | 110,955.00 | |
| Appraisal Fee  to Genesis Capital, LLC | 5,000.00 | |
| Non-Specific Lender Credits  to Genesis Capital, LLC | | 10,000.00 |
| Mrtg. Broker: BluePoint Commercial Mortgage | | |
| Broker Fee  to BluePoint Commercial Mortgage    POC-B $20000.00 | 90,955.00 | |
| | | |
| **Title/Escrow Charges to:** | | |
| Recording Services  to First American Title Company | 23.00 | |
| Escrow Fee  to First American Title Company | 5,975.00 | |
| Notary/Signing Fee  to First American Title Company | 150.00 | |
| ALTA Loan Policy - Extended  to First American Title Company | 2,276.00 | |
| ALTA Owner's Policy  to First American Title Company | 6,600.00 | |
| Record Deed  to San Mateo County Recorder | 20.00 | |
| Record Deed of Trust - 1  to San Mateo County Recorder | 65.00 | |
| Record DT & Assignment of Rents  to San Mateo County Recorder | 77.00 | |
| Affordable Housing Fee  to San Mateo County Recorder | 225.00 | |
| | | |
| **Disbursements Paid:** | | |
| Insurance Premium  to Farmers Insurance    POC-B $9029.86 | | |
| | | |
| **Cash ( From) (X To) Buyer** | 2,578,926.16 | |
| | | |
| **Totals** | 14,816,778.28 | 14,816,778.28 |

I hereby certify that this is a true and correct copy of the original.
First American Title Company

By_____

Case: 23-30465    Doc# 44    Filed: 05/23/24    Entered: 05/23/24 20:27:13    Page 14 of 19

Page 1 of 2

## *Buyer's Final Settlement Statement*

**Settlement Date:** 08/08/2022          **File No:** 3809-6874957
**Print Date:** 08/08/2022          **Officer:** Patty Franks/PF

# EXHIBIT C



# First American Title Company

One Embarcadero Center, Suite 1150 •San Francisco, CA 94111

Office Phone:(415)771-8168 Office Fax:

## Buyer's Final Settlement Statement

| **Property Address:** | 201 El Camino Real and, 612 Cambridge Avenue, Menlo Park, CA 94025 | **File No:** | 3809-6874957 |
| --- | --- | --- | --- |
| | | **Officer:** | Patty Franks/PF |
| | | **Settlement Date:** | 08/08/2022 |
| | | **Disbursement Date:** | 08/08/2022 |
| | | **Print Date:** | 08/08/2022, 2:08 PM |
| **Buyer:** | 201 El Camino Real LLC | | |
| **Address:** | 66 Barry Lane, Atherton, CA 94027-4023 | | |
| **Seller:** | Hu-Hantwo LLC | | |
| **Address:** | 86 Michaels Way, Atherton, CA 94027 | | |
| **Lender:** | Genesis Capital, LLC | | |
| **Address:** | 15303 Ventura Boulevard, Suite 700, Sherman Oaks, CA, 91403 | | |
| **Loan No.:** | G22069679 | | |

| Charge Description | Buyer Charge | Buyer Credit |
| --- | ---: | ---: |
| **Consideration:** | | |
| Total Consideration | 11,380,000.00 | |
| | | |
| **Deposits in Escrow:** | | |
| Receipt No. 509154185 on 07/22/2022 by 2700 Middlefield Road LLC FBO: 201 El Camino Real LLC | | 200,000.00 |
| | | |
| **Adjustments:** | | |
| Seller to credit Buyer | | 7,200,000.00 |
| | | |
| **Prorations:** | | |
| County Taxes - Lot 69  07/01/22 to 08/08/22  @$17,303.08/semi | | 3,556.74 |
| County Taxes - Lot 70  07/01/22 to 08/08/22  @$12,147.50/semi | | 2,496.99 |
| County Taxes - Lots 70 and 72  07/01/22 to 08/08/22  @$18,119.42/semi | | 3,724.55 |
| | | |
| **New Loan(s):** | | |
| Lender: Genesis Capital, LLC | | |
| Loan Amount  - Genesis Capital, LLC | | 7,397,000.00 |
| Prepaid Interest  08/05/22 to 09/01/22  @$1728.379000/day  to Genesis Capital, LLC | 46,666.23 | |
| Underwriting Fee  to Genesis Capital, LLC | 845.00 | |
| Administration Fee  to Genesis Capital, LLC | 100.00 | |
| Wire Fee  to Genesis Capital, LLC | 30.00 | |
| Interest Reserve  to Genesis Capital, LLC | 587,889.89 | |
| Origination Fee  to BluePoint Commercial Mortgage | 110,955.00 | |
| Appraisal Fee  to Genesis Capital, LLC | 5,000.00 | |
| Non-Specific Lender Credits  to Genesis Capital, LLC | | 10,000.00 |
| Mrtg. Broker: BluePoint Commercial Mortgage | | |
| Broker Fee  to BluePoint Commercial Mortgage         POC-B $20000.00 | 90,955.00 | |
| | | |
| **Title/Escrow Charges to:** | | |
| Recording Services  to First American Title Company | 23.00 | |
| Escrow Fee  to First American Title Company | 5,975.00 | |
| Notary/Signing Fee  to First American Title Company | 150.00 | |
| ALTA Loan Policy - Extended  to First American Title Company | 2,276.00 | |
| ALTA Owner's Policy  to First American Title Company | 6,600.00 | |
| Record Deed  to San Mateo County Recorder | 20.00 | |
| Record Deed of Trust - 1  to San Mateo County Recorder | 65.00 | |
| Record DT & Assignment of Rents  to San Mateo County Recorder | 77.00 | |
| Affordable Housing Fee  to San Mateo County Recorder | 225.00 | |
| | | |
| **Disbursements Paid:** | | |
| Insurance Premium  to Farmers Insurance          POC-B $9029.86 | | |
| | | |
| **Cash (  From) (X To) Buyer** | 2,578,926.16 | |
| | | |
| **Totals** | 14,816,778.28 | 14,816,778.28 |

I hereby certify that this is a true and correct copy of the original.
First American Title Company

By_____

**Continued From Page 1**

*Buyer's Final Settlement Statement*

**Settlement Date:** 08/08/2022  **File No:** 3809-6874957
**Print Date:** 08/08/2022  **Officer:** Patty Franks/PF

# PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, 8th Floor, Los Angeles, California 90067.

On May 23, 2024, I served the documents described as:

**EX PARTE APPLICATION OF CREDITOR HU-HANTWO LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON FIRST AMERICAN TITLE COMPANY**

☒ I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Patrick M. Costello**  pcostello@vectislawgroup.com, clee@vectislawgroup.com
- **Jennifer C. Hayes**  jhayes@fhlawllp.com
- **Janina M. Hoskins**  jmelder7@aol.com, Ca80@ecfcbis.com
- **Michael B. Lubic**  michael.lubic@klgates.com
- **Office of the U.S. Trustee / SF**  USTPRegion17.SF.ECF@usdoj.gov
- **Eric S. Pezold**  epezold@swlaw.com, fcardenas@swlaw.com
- **Barzin Barry Sabahat**  barry@anchorlawgroup.com, 22292@notices.nextchapterbk.com
- **Andrew B. Still**  astill@swlaw.com, kcollins@swlaw.com

on the interested parties in this action by delivering a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | | |
|---|---|---|
| Cushman & Wakefield | Janina M. Hoskins | Newmark Knight Frank |
| 555 12th St., Ste. 1400 | P.O. Box 158 | 258 High St. |
| Oakland, CA 94607 | Middletown, CA 95461 | Palo Alto, CA 94301 |

☒ **BY MAIL:** I placed for collection and processing such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business herein attested to. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 23, 2024, at Los Angeles, California.

/s/ Jonathan Randolph
Jonathan Randolph

1
CERTIFICATE OF SERVICE