# UNITED STATES BANKRUPTCY COURT

Northern District of California

In re 201 EL CAMINO REAL, LLC
Debtor

Case No. 3:23-bk-30465-DM

*(Complete if issued in an adversary proceeding)*

Chapter 7

Plaintiff
v.

Adv. Proc. No.

Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: First American Title Company, One Embarcadero Center, Suite 1150, San Francisco, CA 94111
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1 attached.

| PLACE K&L Gates LLP, Four Embarcadero Center, Suite 1200, San Francisco, CA 94111 | DATE AND TIME |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

CLERK OF COURT

OR

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Hu-Hantwo LLC                    , who issues or requests this subpoena, are:
Michael B. Lubic, K&L Gates LLP, 10100 Santa Monica Boulevard, 8th Floor, Los Angeles, CA 90076; Email: michael.lubic@klgates.com; Telephone: (310) 552-5000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):*
on *(date)*               .

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $                    .

My fees are $          for travel and $          for services, for a total of $          .

I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

**EXHIBIT 1**

# EXHIBIT 1

# DEFINITIONS

1. The term "Accessible Format" refers to a generally accepted data format for the transmission of spreadsheet data, in which the recipient of the data can edit, copy and manipulate the data, such as "comma separated value" ("csv") format or as an unlocked .xls or "xlsx" file.

2. The terms "and" and "or" as used herein, shall, where the context permits, be construed to mean "and/or" as necessary to bring within the scope of the subpoena request.

3. The term "Communication(s)" or "Correspondence" means any transmission of information from one person or entity to another, including (without limitation) by personal meeting, conference, conversation, letter, telephone, radio, electronic mail, teleconference, or any other method of communication or by any medium.

4. The term "Debtor" or "Buyer" refers to 201 EL CAMINO REAL, LLC.

5. The term "Property" refers to that certain real property located at 210 El Camino Real, Menlo Park, CA 94025 and 612 Cambridge Avenue, Menlo Park, CA 94025.

6. The term "Refinancing" refers to the Buyer's refinance of the Property.

7. The term "Escrow File" refers to Escrow File No. 3809-6874957.

8. The term "Buyer's Final Settlement Statement" refers to the document attached hereto.

9. The terms "Document" and "Documents" mean any writing, computer file or computer data, or graphic matter of any kind, wherever located, and including all Communications, spreadsheets, data sheets, databases, tables, notices, compilations, Correspondence, or wire instructions.

10. The terms "You" and "Your" refer to the party responding to this Subpoena.

# REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents showing the source of any and all funds deposited in escrow by or for the benefit of Buyer relating to the line item "Deposits in Escrow" on the Buyer's Final Settlement Statement.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents related to the disbursement of funds paid out of escrow relating to the line item "Cash To Buyer" on the Buyer's Final Settlement Statement.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents showing the account or accounts receiving any or all of the funds paid out of escrow relating to the line item "Cash to Buyer" on the Buyer's Final Settlement Statement.

**REQUEST FOR PRODUCTION NO. 4**:

All Documents in the Escrow File or otherwise relating to the Refinancing including, without limitation, Correspondence, agreements, instructions, and applications.



# First American Title Company

One Embarcadero Center, Suite 1150 •San Francisco, CA 94111

Office Phone:(415)771-8168 Office Fax:

## Buyer's Final Settlement Statement

**Property Address:** 201 El Camino Real and, 612 Cambridge Avenue, Menlo Park, CA 94025

**File No:** 3809-6874957
**Officer:** Patty Franks/PF
**Settlement Date:** 08/08/2022
**Disbursement Date:** 08/08/2022
**Print Date:** 08/08/2022, 2:08 PM

**Buyer:** 201 El Camino Real LLC
**Address:** 66 Barry Lane, Atherton, CA 94027-4023
**Seller:** Hu-Hantwo LLC
**Address:** 86 Michaels Way, Atherton, CA 94027
**Lender:** Genesis Capital, LLC
**Address:** 15303 Ventura Boulevard, Suite 700, Sherman Oaks, CA, 91403
**Loan No.:** G22069679

| Charge Description | Buyer Charge | Buyer Credit |
|---|---:|---:|
| **Consideration:** | | |
| Total Consideration | 11,380,000.00 | |
| | | |
| **Deposits in Escrow:** | | |
| Receipt No. 509154185 on 07/22/2022 by 2700 Middlefield Road LLC FBO: 201 El Camino Real LLC | | 200,000.00 |
| | | |
| **Adjustments:** | | |
| Seller to credit Buyer | | 7,200,000.00 |
| | | |
| **Prorations:** | | |
| County Taxes - Lot 69  07/01/22 to 08/08/22  @$17,303.08/semi | | 3,556.74 |
| County Taxes - Lot 70  07/01/22 to 08/08/22  @$12,147.50/semi | | 2,496.99 |
| County Taxes - Lots 70 and 72  07/01/22 to 08/08/22  @$18,119.42/semi | | 3,724.55 |
| | | |
| **New Loan(s):** | | |
| Lender: Genesis Capital, LLC | | |
| Loan Amount  - Genesis Capital, LLC | | 7,397,000.00 |
| Prepaid Interest  08/05/22 to 09/01/22  @$1728.379000/day  to Genesis Capital, LLC | 46,666.23 | |
| Underwriting Fee  to Genesis Capital, LLC | 845.00 | |
| Administration Fee  to Genesis Capital, LLC | 100.00 | |
| Wire Fee  to Genesis Capital, LLC | 30.00 | |
| Interest Reserve  to Genesis Capital, LLC | 587,889.89 | |
| Origination Fee  to BluePoint Commercial Mortgage | 110,955.00 | |
| Appraisal Fee  to Genesis Capital, LLC | 5,000.00 | |
| Non-Specific Lender Credits  to Genesis Capital, LLC | | 10,000.00 |
| Mrtg. Broker: BluePoint Commercial Mortgage | | |
| Broker Fee  to BluePoint Commercial Mortgage    POC-B $20000.00 | 90,955.00 | |
| | | |
| **Title/Escrow Charges to:** | | |
| Recording Services  to First American Title Company | 23.00 | |
| Escrow Fee  to First American Title Company | 5,975.00 | |
| Notary/Signing Fee  to First American Title Company | 150.00 | |
| ALTA Loan Policy - Extended  to First American Title Company | 2,276.00 | |
| ALTA Owner's Policy  to First American Title Company | 6,600.00 | |
| Record Deed  to San Mateo County Recorder | 20.00 | |
| Record Deed of Trust - 1  to San Mateo County Recorder | 65.00 | |
| Record DT & Assignment of Rents  to San Mateo County Recorder | 77.00 | |
| Affordable Housing Fee  to San Mateo County Recorder | 225.00 | |
| | | |
| **Disbursements Paid:** | | |
| Insurance Premium  to Farmers Insurance     POC-B $9029.86 | | |
| | | |
| **Cash ( From) (X To) Buyer** | 2,578,926.16 | |
| | | |
| **Totals** | 14,816,778.28 | 14,816,778.28 |

I hereby certify that this is a true and correct copy of the original.
First American Title Company

By_____

Page 1 of 2

Case: 23-30465    Doc# 45    Filed: 05/24/24   Entered: 05/24/24 09:26:51    Page 7 of 8

## *Buyer's Final Settlement Statement*

**Settlement Date:** 08/08/2022  **File No:** 3809-6874957
**Print Date:** 08/08/2022  **Officer:** Patty Franks/PF