`

Mark M. Garay (SBN 059389)
430 Ridge Road
Tiburon, California 94920
Telephone: (415) 722-0100
GarayLLC@Pacbell.net


Attorney for Adversary Defendant
PALADIN FUNDING, INC., a California Corporation


IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re: | CHAPTER 7 |
|---|---|
| 201 EL CAMINO REAL, LLC, | CASE NO. 23-30465-DM |
| Debtor | Adv. Proc. No. 25-03039-DM |
| HU-HAN TWO LLC, derivatively on behalf of 201 El Camino Real, LLC, | RESPONSE OF UNSERVED DEFENDANT PALADIN FUNDING, INC. TO TRUSTEE'S MOTION TO SELL ESTATE'S RIGHT, TITLE, AND INTEREST IN LITIGATION CLAIMS, SUBJECT TO OVERBID, AND FOR APPROVAL OF COMPROMISE |
| Plaintiff, | |
| v. | |
| NARIMAN SEYED TEYMOURIAN; 2700 MIDDLEFIELD ROAD LLC; PALADIN FUNDING, INC.; BAYTECH HOLDINGS, LLC; and DOES 1-50, | Date: May 8, 2026<br>Time: 10:00 a.m.<br>Location: Zoom or In Person<br>450 Golden Gate Ave., 16th Floor<br>San Francisco, CA 94102 |
| Defendants,<br>and | |
| JANINA M. HOSKINS, as Chapter 7 Trustee of 201 El Camino Real, LLC, Nominal Defendant. | |

-0-

{00098692.1}

# TABLE OF CONTENTS AND AUTHORITIES

SUMMARY OF ARGUMENT ...........................................................................................................2

STATEMENT OF LAW

    1.  HHT CANNOT BOTH PURCHASE THE CLAIM AND STEP INTO THE TRUSTEE'S SHOES …..………………………………………………………………... 4

    2.  THE PLAINTIFF LACKED STANDING TO FILE THE COMPLAINT AND LACKS STANDING TO ASSERT THE ESTATE'S CLAIMS AGAINST PALADIN OR ANYONE ELSE, AND ANY NEWLY-PERMITTED COMPLAINT WOULD BE BARRED UNDER SEC. 546 ...................................................................................... 5

    3.  THE MERITS OF THE UNDERLYING CLAIM AS AGAINST PALADIN FAIL AS A MATTER OF LAW, AS THE ALLEGED PAYMENT BY DEBTOR TO PALADIN WAS FOR VALUE AND THUS CAN BE AVOIDED AS A PREFERENCE ONLY IF IT OCCURRED WITHIN 90 DAYS BEFORE THE FILING OF THE BANKRUPTCY, WHICH IS NOT THE CASE HERE .................................................................... 5

    4.  THE MOTION WAS FILED WITH INADEQUATE NOTICE ………..……………… 6

*Statutes and Rules*

Local Rule of Bankruptcy Procedure 7007-1(a), .......................................................... 6

Case: 23-30465    Doc# 37  Filed: 04/24/26  Entered: 04/24/26 17:19:51  Page 2 of 7

{00098692.1}

Unserved Adversary Defendant PALADIN FUNDING, INC., a California Corporation, (hereinafter "Paladin"), by and through its undersigned counsel, hereby files its response to the motion of Trustee Janina Hoskins' ("Trustee") "to sell estate's right, title, and interest in litigation claims, subject to overbid, and for approval of compromise." In addition, Paladin continues to assert its opposition to the related motion of creditor and adversary plaintiff HU-HAN TWO LLC (hereinafter "HHT") "…for an order granting [HHT] derivative standing to prosecute … the claims set forth in the Complaint", and it incorporates by this reference its written opposition to that motion that Paladin filed in the Adversary Proceeding on March 10, 2026 ("Paladin Opp. Deriv. Standing"). These two motions are intertwined as HHT is attempting - through the combination of these motions - to evade the consequences of its unauthorized filing of its original complaint, apparently in an attempt to achieve an end run around the applicable statute of limitations.

As Paladin pointed out in its original opposition, as an unserved defendant, Paladin is not obliged to respond now and of course would have a right to re-argue the points raised herein at a later time if HHT lawfully *were* to be given leave to pursue the alleged claims of the debtor in its improperly filed complaint against Paladin and the other named defendants. Nevertheless, it chooses to submit this opposition in view of the fact that the motion deserves to be rejected by this Court to save Paladin, this Court, and other potential parties from the need to address down the road the merits of its equally meritless procedurally and substantively flawed action. As the Trustee has correctly indicated in her Opposition to HHT's derivative standing motion, this estate (commenced in July 202*3*) is ready to be closed; HHT should it wish to do so may proceed in state (or, conceivably, federal) court to bring any claims that it believes may exist. Nevertheless, the Trustee – apparently out of a desire to no longer be required to personally participate in either the underlying 201 El Camino LLC bankruptcy case or the adversary proceeding against Paladin and others – now turns around and argues that a sale and continued adversary proceeding is a good idea, regardless of the burden on this Court. The motions should be rejected.

Case: 23-30465    Doc# 317   Filed: 04/24/26   Entered: 04/24/26 17:19:50   Page 3 of 7

PALADIN FUNDING RESPONSE TO TRUSTEE MOTION TO SELL CLAIMS

{00098692.1}

See Declaration of Mark M. Garay in Support of Response of Unserved Defendant Paladin Funding, Inc. to Creditor's Motion for Derivative Standing (hereinafter Garay Dec.") filed herewith, at ¶2.

As is set forth more fully below, the motions should and must be denied, because:

1. As a legal matter, the HHT cannot have it both ways. It either can purchase the claims, on which the trustee has allowed the statute of limitations to lapse, or it can seek to derivatively pursue the Trustee's claims – but in both circumstances it is barred by the statute of limitations. HHT is attempting to hide this late filing deficiency by trying to purchase the claims to pursue on its own account but nonetheless enjoy whatever benefits might flow from also acting in the Trustee's stead.

2. The Trustee has chosen to allow the claim to lapse and her judgment should not be second-guessed. Plaintiff therefore lacked standing to file the Complaint (filed on the last permissible day), and as such the two-year Sec. 546 of limitations period has expired on any the "clawback" claims against Paladin. HHT is attempting an "end run" around the statute of limitations by somehow breathing life into a complaint that was improperly filed and is jurisdictional flawed, and its mere purchase of the expired claim means that it now must file a new – belated – complaint that will unmeritorious.

3. Alternatively, discretionary relief should be denied, as HHT filed the complaint too long after the bankruptcy case was opened. It was aware of the facts stated in the complaint for years, and should and could have followed required procedures to obtain court approval to file. It did not and to date has never offered an acceptable explanation or excuse for the delay, and thus HHT should be estopped and equitable relief denied. Allowing it to now proceed risks leaving the bankruptcy estate open for years and encourages counsel to violate the rules and ask for forgiveness instead of permission.

4. The motion was not filed and served in a timely manner under Local Rule 7007-1(a).

-3-

Case: 23-30465    PALADIN FUNDING RESPONSE TO TRUSTEE 04/24/26 17:19:51 CLAIMS Page 4 of 7

{00098692.1}

As before, Paladin requests that this Court take judicial notice of the following facts as shown or set forth in the filings in this Adversary Action as well as in the underlying bankruptcy case.

1. In July 2021, Paladin loaned to a Teymourian entity (2700 Middlefield LLC [hereinafter "Middlefield"]) in the original principal sum of 750,000.00, and on August 22, 2022, Middlefield paid down the loan in the amount of $200,000 and thus its obligation to Paladin was reduced by this amount; it is this $200,000 that HHT is pursuing in this action. (See Adversary Complaint, ¶21.)

2. This bankruptcy case began on July 15, 2023, by HHT's filing of an involuntary petition in bankruptcy. The order for relief was granted on September 29, 2023. HHT has done little in that case other than its improper filing of the instant adversary complaint (hereinafter "the Complaint") on September 29, 2025 without having obtained court approval and over the objection of the Trustee.

3. Even after the complaint's filing, HHT did nothing to move the case forward, leading this court at the January 23, 2026 to chide HHT's counsel both for his inaction and his weak excuses for it and to require HHT to file its motion by February 6, 2026, which it did at the last possible moment. Even then, HHT waited yet another two months to work out a deal to purchase the Trustee's claims.

<u>STATEMENT OF LAW</u>

1.    HHT CANNOT BOTH PURCHASE THE CLAIM AND STEP INTO THE TRUSTEE'S SHOES

HHT cannot have it both ways by both purchasing the claims of the Trustee so as pursue them and obtaining leave to stand in the Trustee's stead (as the Trustee by the sale has no more claims to pursue). The Trustee's motion fails to explain how HHT can "have its cake and eat it too". If the Trustee sells her claim to HHT or anyone else, she has nothing remaining to pursue, and thus this Court cannot grant HHT's original motion for derivative standing. It apparently seeks to do so in order to avoid the consequences of its failure to timely seek leave of this Court to file its own, clearly deficient separate adversary action.

-4-

Case: 23-30465    PALADIN FUNDING RESPONSE TO TRUSTEE'S MOTION TO SELL CLAIMS  Page 5 of 7
DOC# 37  Filed: 04/24/26    Entered: 04/24/26 17:19:51

{00098692.1}

### 2. PLAINTIFF LACKED STANDING TO FILE THE COMPLAINT AND LACKS STANDING TO ASSERT THE ESTATE'S CLAIMS AGAINST PALADIN OR ANYONE ELSE, AND ANY NEWLY-PERMITTED COMPLAINT WOULD BE BARRED UNDER SEC. 546

Paladin agrees with and joins the Trustee's arguments asserted in Par. 4 of Trustee's Response to Creditor's Motion for Derivative Standing (Feb. 11, 2026), in which the Trustee made it clear that Creditors may only in extraordinary circumstances assert the claims of the estate via derivative standing and may obtain such standing only with court approval. In that vein, Paladin incorporates its arguments against the derivative standing motion set forth at pages 4 to 6 of its opposition to that motion. *It is noteworthy that neither the Trustee nor HHT have presented any response whatsoever to the arguments made Paladin's opposition to the derivative standing motion.* Consequently, this Court should reject any portion of either motion that would grant such standing and, at most, consider the request for the sale of the Trustee's claims against the parties purportedly named in HHT's adversary complaint.

### 3. THE MERITS OF THE UNDERLYING CLAIM AS AGAINST PALADIN FAIL AS A MATTER OF LAW, AS THE ALLEGED PAYMENT BY DEBTOR TO PALADIN WAS FOR VALUE AND THUS CAN BE AVOIDED AS A PREFERENCE ONLY IF IT OCCURRED WITHIN 90 DAYS BEFORE THE FILING OF THE BANKRUPTCY, WHICH IS NOT THE CASE HERE.

This Court also may refuse derivative standing where the underlying claim is patently defensible – i.e., not "colorable". Again, Paladin incorporates its original opposition's arguments (set out at page 6 of its Opposition). Again, it is noteworthy that neither the Trustee nor HHT – notwithstanding the fact that Paladin has articulated in detail why such claims are patently legally deficient – have even attempted to respond *in any way* as to why derivative standing should be granted or how there is the slightest bit of merit to its claims against Paladin. Nor have they explained or argued in any way why the resources of this Court should be tied up for what is likely years (at least as to any claim as to Paladin) even though the underlying bankruptcy case has been pending for nearly three years due to HHT's failure to take any action in the matter. Indeed, the Trustee continues to argue to the contrary; As she states at p. 6 of the memo of points and authorities supporting her motion:

"The estate's claims consist primarily of fact-intensive fraudulent transfer and related causes of action, which will turn on disputed evidence regarding intent, the value exchanged in

-5-

Case: 23-30465   PALADIN FUNDING RESPONSE TO TRUSTEE'S MOTION TO SELL CLAIMS
Doc# 37   Filed: 04/24/26   Entered: 04/24/26 17:19:51   Page 6 of 7

{00098692.1}

the challenged transactions, and the Debtor's financial condition at the time of those transfers. [] Defendants are likely to assert defenses, including issues relating to intent, reasonably equivalent value, and solvency, all of which would require substantial discovery and expert analysis. [] Fraudulent transfer claims are, in the Trustee's experience, expensive to pursue and are fact intensive in a manner that makes the likelihood of success difficult to assess. []"

At most, this Court could allow the adversary complaint to proceed *in this Court* against the non-Paladin defendants (as it appears that they have no assets and thus HHT likely can simply get a default judgment against them), but leave HHT to pursue (or not) its causes of action against Paladin in state or federal civil courts.

4.     THE MOTION WAS FILED WITH INADEQUATE NOTICE

Under Local Rule 7007-1(a), all parties are entitled to 28 days' notice of the instant motion, but it was filed and served on April 16, only 22 days in advance of the hearing. This failure is of particular concern in that, as the Trustee notes, the granting of the motion is subject to the right to overbid, and the lack of notice reduces the likelihood that another party will have time to overbid. While this Court arguably could simply delay the hearing to allow proper time for further bid or oppositions, the repeated delays and lethargy displayed by HHT should compel this Court to exercise its discretion by simply denying the motion. Adding to this failure is the failure of the Trustee to provide a copy of any written agreement of the terms of the sale for this Court and interested parties to peruse.

Accordingly, Paladin respectfully requests that the instant motion be denied and the Complaint dismissed.

DATED: April 24, 2026                    MARK M. GARAY


                                         By: ___/s/ Mark M. Garay_____
                                              MARK M. GARAY, Attorney for
                                              PALADIN FUNDING, INC.

-6-

Case: 23-30465     PALADIN FUNDING RESPONSE TO TRUSTEE MOTION TO SELL CLAIMS
Doc#37  Filed: 04/24/26     Entered: 04/24/26 17:19:51     Page 7 of 7
{00098692.1}